**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 14 2013, 9:18 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRUCE W. GRAHAM**
Graham Law Firm, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BENNIE CHAMBERLAIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1208-CR-670 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy J. Williams, Judge
Cause No. 79D01-1004-FC-20

**March 14, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Bennie Chamberlain appeals his sentence for Class C felony stalking, Class C felony criminal confinement, two counts of Class D felony residential entry, Class A misdemeanor battery, Class A misdemeanor invasion of privacy, and his status as an habitual offender. We affirm.

## Issue

Chamberlain raises one issue, which we restate as whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

## Facts

The facts, as stated in Chamberlain's first appeal, follow:

> S.L. obtained a protective order against Chamberlain on March 30, 2010, and she told Chamberlain about the order when he came to her residence that day. Chamberlain telephoned S.L. multiple times on April 1. That night around 10:30, someone kicked in S.L.'s back door. She saw Chamberlain in her apartment, and then he ran away. She called police, who documented the damage to her door but could not find Chamberlain.

> S.L. went to a neighbor's apartment. When she returned home shortly after midnight, she found her apartment had been ransacked and vandalized. In addition, she found a message in Chamberlain's handwriting on her bedroom floor. She again called police, who again could not find Chamberlain.

> Around 2:00 a.m., as S.L. was cleaning up her apartment, Chamberlain again entered her apartment. He took her to the bedroom and restrained her for about ten minutes, during which he elbowed S.L. in the nose and mouth, causing a scratch and a cut. While restrained, S.L. was able to call police, and they arrested Chamberlain and found a copy of the protective order in his pocket.

2

<u>Chamberlain v. State</u>, No. 79A02-1108-CR-770, slip op. at 2-3 (Ind. Ct. App. June 5, 2012).

After a bench trial, the trial court found Chamberlain guilty but mentally ill of Class C felony stalking, Class C felony criminal confinement, two counts of Class D felony residential entry, Class A misdemeanor battery, and Class A misdemeanor invasion of privacy. The trial court also determined that Chamberlain is an habitual offender. The trial court sentenced Chamberlain to six years for Class C felony stalking, six years for Class C felony criminal confinement, two years for Class D felony residential entry, two years for Class D felony residential entry; one year for Class A misdemeanor battery, and one year for Class A misdemeanor invasion of privacy. For Chamberlain's status as an habitual offender, the trial court entered a sentence of six years to be served consecutive to the sentences for his crimes. The trial court ordered some of the sentences to be consecutive for an aggregate sentence of twenty-one years, with fifteen years incarcerated, two years suspended to supervised probation, and four years suspended to unsupervised probation.

On direct appeal, we held that the trial court erred by imposing the habitual offender enhancement as a separate sentence and that the "Class C felony stalking, one count of Class D felony residential entry, and Class C felony criminal confinement were part of a continuing episode of criminal conduct." <u>Chamberlain</u>, slip op. at 6. Thus, pursuant to Indiana Code Section 35-50-1-2(c), the total of the consecutive terms of

imprisonment for those crimes could not exceed ten years, which is the advisory sentence for a Class B felony. As a result, we remanded for resentencing.

On resentencing, the trial court found Chamberlain's criminal history, eight probation revocations, history of substance abuse, and the victim's request for an aggravated sentence to be aggravators. The trial court found Chamberlain's mental health and his family support as mitigators. The trial court sentenced Chamberlain to five years for stalking, five years for criminal confinement, two years for residential entry, two years for residential entry, one year for battery, and one year for invasion of privacy. The trial court enhanced the stalking sentence by six years due to Chamberlain's status as an habitual offender. The trial court then ordered the stalking, criminal confinement, and invasion of privacy sentences to be consecutive, and the remaining sentences to be concurrent for an aggregate sentence of seventeen years with thirteen years executed and four years suspended to probation. Chamberlain now appeals.

**Analysis**

Chamberlain argues that his seventeen-year sentence is inappropriate in light of the nature of the offense and the character of the offender. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. Id. We also understand and recognize the unique

4

perspective a trial court brings to its sentencing decisions.  Id.  Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate.  Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008).  We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count."  Id.  When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended.  Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

The nature of the offense is that Chamberlain repeatedly violated a protective order obtained by S.L., repeatedly broke into her apartment, and battered and restrained her during his last entry into her apartment.  He also continued violating the protective order after his arrest by sending S.L. letters from jail.

As for the character of the offender, Chamberlain was forty-six years old at the time of the offenses and has an extensive criminal history.  He has prior convictions for Class B felony burglary, Class B felony conspiracy to commit dealing in cocaine, Class D felony battery, and misdemeanor convictions for battery, criminal trespass, invasion of privacy, criminal conversion, operating a vehicle while intoxicated, possession of

5

marijuana, public intoxication, and carrying a handgun without a license. After committing these offenses, he was also convicted of Class D felony theft and Class A misdemeanor trespass. Chamberlain has also been found to have violated his probation eight times. Additionally, even after he was convicted for these offenses, Chamberlain wrote more letters to S.L. from prison.

The trial court found Chamberlain guilty but mentally ill, but a defendant is not automatically entitled to any particular credit or deduction from his sentence because he is guilty but mentally ill. See Archer v. State, 689 N.E.2d 678, 684 (Ind. 1997). An examination revealed that Chamberlain has mild mental retardation and either bipolar disorder or a substance-induced mood disorder. The examining psychologist determined that Chamberlain's symptoms likely stem from long-term cocaine dependence.

Chamberlain requests that we revise his sentence to twelve years with four years suspended to probation instead of the seventeen-year sentence with four years suspended to probation that was imposed by the trial court. Despite Chamberlain's mental illness, given his extensive criminal history, we cannot say that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

**Conclusion**

Chamberlain's sentence is not inappropriate in light of the nature of the offense and the character of the offender. We affirm.

Affirmed.

BAKER, J., and RILEY, J., concur.

6